# UNITED STATES DISTRICT COURT

for the
### Eastern District of Kentucky
### Lexington Division

| | | |
|---|---|---|
| Harold S. Floyd | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LVNV Funding, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     2711 Centerville Road, Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

2.      Defendant LVNV Funding, LLC ("LVNV") violated the FDCPA by collecting and attempting to collect increasing interest and/or fees on a debt that LVNV had no legal right to recover from Mr. Floyd. LVNV also violated the FCRA by furnishing false credit information concerning Mr. Floyd to one or more credit reporting agencies.

### JURISDICTION

3.      This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

## PARTIES

4.     Plaintiff Harold S. Floyd is a natural person who resides in Jessamine County, Ky. Mr. Floyd is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

5.     Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

6.     LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the Fair Credit Reporting Act.

## STATEMENT OF FACTS

9.     Like many of his fellow Americans, Mr. Floyd is keenly aware of the importance of his credit score.

10.    As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it

will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."

But even if you're not in the market for a loan, good credit can have a major impact, Weston says.

"Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.

Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.

Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

11.    In an effort to improve his credit score and rating, Mr. Floyd reviewed his credit reports and discovered negative credit information furnished by LVNV in connection with a debt originated by Windstream Communications, Inc. ("Windstream").

12.    Mr. Floyd incurred the debt to Windstream for personal, family, and household purposes, which makes the Windstream debt a "debt" within the meaning of the FDCPA.

13.    The negative credit information furnished by LVNV stated:

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| LVNV FUNDING, LLC | 16086.... | $184 as of 05/02/2016 | 11/2012 | Collection account. $184 past due as of May 2016. |
| PO BOX 10497 GREENVILLE, SC 29603 866 464 1183 Address identification number 0549813139 | Type Debt Buyer Terms 1 Months On record until Oct 2016 | Credit limit or original amount $157 High balance $0 Monthly payment $0 Recent payment amount $0 | Date of status 03/2015 First reported 03/2015 Responsibility Individual | Comment Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). Reinvestigation information This item was updated from our processing of your dispute in Mar 2015. |
| Original creditor WINDSTREAM COMMUNICATIONS INC | | | | |

14.     LVNV furnished negative credit information concerning Mr. Floyd and the Windstream debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

15.     The negative credit information furnished by LVNV was false because it included $27.00 in additional fees and costs that LVNV had no legal right to recover from Mr. Floyd.

16.     LVNV reported the negative credit information concerning Mr. Floyd and the Windstream debt in an attempt to collect the Windstream debt from Mr. Floyd.

17.     In an effort to correct the erroneous credit information regarding the Windstream debt supplied by LVNV, on January 8, 2016 Mr. Floyd sent a dispute of the credit information supplied by LVNV to Experian Information Solutions, Inc. ("Experian").

18.     Upon information and belief, Experian forwarded notice of Mr. Floyd's dispute to LVNV, which thereby triggered LVNV's duty under 15 U.S.C. §1681s-2(b) to reinvestigate the Windstream debt.

19.     Upon information and belief, LVNV failed to conduct a reasonable investigation into Mr. Floyd's dispute concerning the negative credit information concerning Mr. Floyd and the

alleged Windstream debt that LVNV is furnishing to Experian.

20.     LVNV falsely verified the accuracy of the disputed negative credit information concerning the alleged Windstream debt to Experian.

21.     As a result of LVNV's failure to conduct a reasonable investigation of Mr. Floyd's dispute, Mr. Floyd suffered actual damages in the form of a lowered credit score and denial of credit.

22.     LVNV violated the FDCPA by transmitting false credit information concerning Mr. Floyd and the Windstream debt to one or more consumer reporting agencies and by adding interest and/or fees to the Windstream debt that LVNV had no legal right to recover from Mr. Floyd.

23.     LVNV violated the FCRA by failing to conduct a reasonable investigation of Mr. Floyd's dispute after receiving notice of the dispute from Equifax, Experian, and Trans Union and by failing to correct and update false and inaccurate credit information concerning Mr. Floyd and the Windstream debt.

<u>**Claims for Relief**</u>

**I.     Claims against LVNV Funding, LLC**

**a.   Fair Debt Collection Practices Act (FDCPA)**

24.     The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**b.   Fair Credit Reporting Act (FCRA)**

25.     The foregoing acts and omissions of LVNV Funding, LLC ("LVNV") violate the FCRA.

### i.       Violations of 15 U.S.C. §1681n

26.     After being informed by Equifax, Experian, and Trans Union that Mr. Floyd disputed the accuracy of the information it was providing concerning Mr. Floyd and the Windstream debt, LVNV willfully failed to conduct a proper investigation of Mr. Floyd's disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Mr. Floyd and the Windstream debt.

27.     LVNV willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

28.     LVNV willfully failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Floyd pertaining to the Windstream debt as required by 15 U.S.C. §1681s-2(b)(C).

29.     Mr. Floyd has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

30.     LVNV is liable to Mr. Floyd for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

### ii.      Violation of 15 U.S.C. §1681o

31.     After being informed by Equifax, Experian, and Trans Union that Mr. Floyd disputed the accuracy of the information it was providing concerning Mr. Floyd, LVNV

negligently failed to conduct a proper investigation of Mr. Floyd's disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Mr. Floyd and the Windstream debt.

32.    LVNV negligently failed to review all relevant information purportedly provided by Equifax, Experian, and Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

33.    LVNV negligently failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Floyd pertaining to the Windstream debt as required by 15 U.S.C. §1681s-2(b)(C).

34.    Mr. Floyd has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

35.    LVNV is liable to Mr. Floyd for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681o.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Harold S. Floyd requests that the Court grant the following relief:

1.    Award Plaintiff actual damages against Defendant pursuant to the FDCPA and/or FCRA;

2.    Award Plaintiff maximum statutory damages against Defendant pursuant to the FDCPA and/or FCRA;

3.    Award Plaintiff punitive damages against LVNV pursuant to the FCRA, 15 U.S.C. § 1681n;

4.    Award Plaintiff reasonable attorney's fees and costs;

5.      Grant Plaintiff a trial by jury on all issues deemed triable; and

6.      Such other relief as may be just and proper.


                          Respectfully submitted,

                          /s/ James R. McKenzie
                          James R. McKenzie
                          *James R. McKenzie Attorney, PLLC*
                          115 S. Sherrin Avenue, Suite 4
                          Louisville, KY 40207
                          Tel:    (502) 371-2179
                          Fax:    (502) 257-7309
                          jmckenzie@jmckenzielaw.com

                          James H. Lawson
                          *Lawson at Law, PLLC*
                          115 S. Sherrin Avenue, Suite 4
                          Louisville, KY 40207
                          Tel:    (502) 473-6525
                          Fax:    (502) 473-6561
                          james@kyconsumerlaw.com